IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40277
Conference Calendar
_____

CRAIG DUANE PENNELL,

Plaintiff-Appellant,

versus

ANDY MASSENGIL; JANICE O'GUINN;
R. PROCTOR, Head of Class,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:99-CV-76
--------------------
December 11, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges

PER CURIAM:[*]

Craig Pennell, Texas inmate #704801, appeals the district court's summary judgment in favor of the defendants on his 42 U.S.C. § 1983 failure-to-protect claim. We review a grant of summary judgment applying the same standard as the court below. Deas v. River West, L.P., 152 F.3d 471, 475 (5th Cir. 1998).

To establish a failure-to-protect claim, Pennell must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 530, 533 (5th Cir. 1995). "In order to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Pennell's argument that the district court erred is premised on his conclusion that the basis for the district court's summary judgment was the absence of proof that Pennell had acquired administrative-segregation status on the date of the attack. He argues that this determination by the district court was erroneous because (1) the defendants removed from the documents submitted to the district court the "I-169" form signed by Warden Massengill on December 18, 1997, which placed him in administrative segregation; (2) the evidence submitted by the defendants refutes their argument that Pennell was never assigned administrative-segregation status prior to the attack; (3) the December 18, 1997, "recommendation" that he be placed in administrative segregation was a de facto change in custody, despite the fact that no hearing had yet been held; and (4) a hearing was not necessary to officially change his status to administrative segregation as is evidenced by the fact that upon his return from the hospital, he was immediately placed in administrative segregation.

Pennell, however, provided no evidence in opposition to summary judgment that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed by placing him in a cell with the inmate who attacked him.  His argument is based on the erroneous assumption that placing an inmate who is on administrative-segregation status in a cell with <u>any</u> other inmate is <u>per se</u> evidence of deliberate indifference.  Pennell has not adduced any evidence which creates a genuine issue of material fact whether the defendants knew that a serious risk of harm to him would arise by placing him in a cell with a particular inmate.  He has therefore not shown that the district court erred in its summary-judgment determination.

Pennell further argues that the district court erred in denying his motion to modify discovery.  We review a district court's discovery determinations for an abuse of discretion.  <u>Beattie v. Madison County Sch. Dist.</u>, 254 F.3d 595, 605 (5th Cir. 2001).  Pennell's argument is devoid of an explanation how discovery would have assisted in creating a genuine issue of material fact.  He has therefore not established that the district court abused its discretion.  <u>See id.</u> at 606 (appellant must show why additional discovery is necessary and how that discovery will create a genuine issue of material fact).

AFFIRMED.